UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-17-R

K&B CAPITAL, LLC                                                                                           PLAINTIFF

v.

RDK TRUCK SALES AND SERVICES, INC.                                                  DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Dismiss or Transfer for Lack of Jurisdiction (Dkt. # 11). Plaintiff has responded (Dkt. # 12), and Defendant has replied (Dkt. # 14). The matter is now ripe for decision. The Defendant's Motion to Dismiss is **DENIED** and the Motion to Transfer is **GRANTED**.

## BACKGROUND

Plaintiff K & B Capital, LLC ("K&B") filed this complaint alleging that Defendant RDK Truck Sales and Services, Inc.("RDK") breached its contract to sell three trucks to K&B (Dkt. # 11). K&B claims that it paid for the trucks in full and RDK failed to deliver the title (Id.). RDK denies that K&B made full payment (Id.).

In March 2003, General Environmental Services, LLC ("GES"), a Kentucky company, leased the three trucks from Richard Kemner Truck Rentals ("Kemner") (Id.). GES decided that it wanted to purchase the trucks. GES negotiated an agreement for the purchase of the trucks but K&B ultimately paid for them.

RDK claims that all communications were conducted by mail, telephone, and fax. RDK did not solicit the sale, and never came to Kentucky to negotiate the sale. The trucks at issue in this case were originally leased to Kemner and brought to Kentucky by an independent contractor. RDK has

1

never had an office or place of business in Kentucky.

**DISCUSSION**

RDK does not dispute that Kentucky's long arm statute extends to the limits of due process. Instead, RDK argues that no minimum contacts exist for personal jurisdiction under the due process clause. In order to subject a nonresident defendant to personal jurisdiction without violating due process, the defendant must have "minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quotation and citation omitted). "Minimum contacts exist when the Defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The Defendant must "purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. "And with respect to interstate contractual obligations, we have emphasized that parties who reach out beyond one state and create continuing obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Id.* at 473. "So long as a commercial actor's efforts are purposefully directed toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Id.* at 476.

General and specific jurisdiction are the two types of personal jurisdiction. Recently, the Sixth Circuit Court of Appeals explained the difference between the two:

> A federal court has general jurisdiction when the defendant's contacts with the forum state are substantial and continuous and systematic, so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state. Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of a or related to the defendant's contacts with the forum.

*Youn*, 324 F.3d at 417-18 (internal quotations and citations omitted).

In determining whether the court has specific personal jurisdiction, the Sixth Circuit Court of Appeals has used the following three part test:

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 418.

An isolated sales transaction is not enough to establish contacts necessary for personal jurisdiction. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 151 (6th Cir. 1997)(Plaintiff contacted defendant and entered into a contract with defendant. Defendant faxed and called plaintiff, but there was no ongoing relationship. The Sixth Circuit Court of Appeals found that the faxes and calls were insufficient to establish personal juridiction in plaintiff's home state.). *See also LAK, Inc. v. Deer Creek Enters.,* 885 F.2d 1293, 1301-02 (6th Cir. 1989) (In a case involving a contract, phone calls and letters were not enough to establish minimum contacts when defendant never sent its representatives into the state or consummated the contract there). Unlike the Defendant in *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002), RDK has shown no intent to

maintain "continuing relationships and obligations" in Kentucky but instead has only entered into a one-time transaction. *Id.* at 891.

RDK never left Florida while negotiating this contract. Even if GES or K&B's representatives were physically present in Kentucky when negotiating the contract by telephone, fax, or mail, this is insufficient to establish minimum contacts. RDK did not solicit the business and thought that K&B, a Michigan corporation, paid for the trucks. The trucks are being used in Kentucky but they are personal property and capable of being moved to any state. Because RDK does not have minimum contacts with Kentucky, this court is without personal jurisdiction.

RDK also argues that its truck purchase agreement contains a forum selection clause selecting Hillsborough County, Florida as the forum. RDK has presented a copy of an agreement but it has not been signed by K&B or GES so it is not enforceable against either of them.

Under 28 U.S.C. § 1406, this court may in the interest of justice transfer this case to a division where it may be brought. RDK agrees that it is subject to personal jurisdiction in the Middle District of Florida. K&B has previously attempted to file this case in Michigan only to have it dismissed for lack of personal jurisdiction. Instead of dismissing this case and having K&B re-file it for the third time, this court finds that it is in the interests of justice to transfer it. Therefore, this case is transferred to the Middle District of Florida.

## CONCLUSION

The Motion to Dismiss is **DENIED** and the Motion to Transfer is **GRANTED**.

cc: Counsel